## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

     **Plaintiff,**

     v.                            CASE NO. 25-2175-JWL

DOUGLAS COUNTY BOARD OF
COMMISSIONERS, et al.,

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this action on September 30, 2024, in the District Court of Douglas County, Kansas, as a "Petition for Damages and Restraining Order." (Doc. 1–1, at 1.) The matter was removed to this Court on April 4, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Plaintiff is in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ"). On May 5, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 19) ("MOSC") ordering Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. The Court reviewed Plaintiff's responses and other filings, and on June 6, 2025, the Court entered a Memorandum and Order (Doc. 42) ("M&O") dismissing this matter for failure to state a claim.

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 46). Plaintiff's motion was filed on June 13, 2025. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff argues that the Court should not have screened his Amended Complaint. (Doc. 46–2, at 2.) The Court noted in the MOSC that Plaintiff's Amended Complaint superseded his prior complaint, and held that "because Plaintiff is a prisoner and his Amended Complaint seeks redress from a governmental entity or officer or employee of a governmental entity, it is subject to screening under 28 U.S.C. § 1915A." (Doc. 19, at 2, 4–5) (citing *see* 28 U.S.C. § 1915A(a) ("The Court shall review . . . as soon as practical after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity."); *see also Crosby v. U.S. Attorney's Office*, 2020 WL 1271825, at *3 (D. Kan. 2020) (screening amended complaint after removal from state court); *King v. Hill*, 2022 WL 1185124, at *3 (S.D. Ill. 2022) (finding that claims properly removed to the federal court were subject to screening under Section 1915A); *Biron v. Carvajal*, 2021 WL 3047250, at *35 (D. Minn. 2021) (stating that "the Court agrees with Defendants that cases removed from state court are subject to screening under § 1915A" and "courts in this District have done so"); *Johnson v. Bedwell*, 2017 WL 4539918, at *1 (S.D. Ind. 2017) ("Although the filing fee was paid at the time this action was removed to this Court, this action is still subject to screening under 28 U.S.C. § 1915A.")).

Plaintiff seeks reconsideration of the Court's dismissal of his civil rights claims, reasserting his argument that waiting on a response from the district attorney regarding criminal charges against one of the defendants tolled the statute of limitations.  (Doc. 46–1, at 1.)  As support for his argument, he cites to a newspaper article entitled "Police oppose releasing file on speech pathologist to civil litigants."  *Id*. at 1, 3.  He argues that "even the police and local courts acknowledge that a civil law suit could be a double jeopardy issue."  *Id*. at 1.

The Court found in the MOSC that Counts II and III were barred by the statute of limitations.  In his response, Plaintiff argued that the District Attorney's failure to advise Plaintiff as to whether or not it was bringing criminal charges against Defendant Reiling tolled the statute of limitation.  He argued that he had to wait on a response from the DA because Reiling cannot be tried twice on the same facts.  The Court rejected this argument in the M&O, finding that Plaintiff "provided no authority to suggest that his civil action was tolled until he received a final answer from the District Attorney or that somehow his civil claim may constitute double jeopardy." (Doc. 42, at 13.)   Plaintiff is merely reasserting his prior argument.  Plaintiff's argument is also

belied by the fact that he was able to file—without a response from the DA—these same claims in his 2020 case in this Court and in the underlying state case that was removed in this case. *See Jones v. Reiling*, Case No. 20-3068 (D. Kan.).

Plaintiff also seeks reconsideration of his writ of habeas corpus. (Doc. 46, at 1.) Plaintiff claims that the writ he filed in state court prior to removal "was not abandoned." *Id.* Plaintiff argues that he was still pursuing "the defaulted writ of habeas corpus," and he asks the Court to "grant the writ of habeas corpus and release the Plaintiff." *Id.* at 2. Plaintiff then attaches a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on this Court's approved form. *Id.* at 3–10. In the attached § 2241 petition, Plaintiff argues that he is "[s]taying in jail without bond for longer than the probation term of 12 months, waiting on a hospital bed due to mental competency issue." *Id.* at 3.

The Court noted in the M&O in this case that:

> Plaintiff's writ was filed in Case No. 2024-CV-318 prior to its removal to this Court. However, the docket also reflects correspondence from the state court judge presiding over Case No. 2024-CV-318 to the judge presiding over Plaintiff's criminal case (Case No. 2023-CR-356). The correspondence indicates that the issues discussed in the habeas motion appear to relate to Plaintiff's criminal case and that Plaintiff may have intended to file it in his criminal case. The correspondence then notes that there is a probation violation hearing scheduled for March 19, 2025, in Plaintiff's criminal case, and the judge asks the judge in the criminal case to inquire of Plaintiff as to whether he in fact intended to file a new habeas case, whether it was intended to be filed in his criminal case, or whether it was intended to be filed in Plaintiff's civil case. The Court sympathizes with Plaintiff's confusion, because the correspondence references Plaintiff's civil case as Case No. 2024-CV-57 instead of Case No. 2024-CV-318. Despite this confusion, it is clear the issue is to be clarified at the probation violation hearing. Although the hearing was scheduled for March 19, 2025, online district court records for Case No. 2023-CR-356 show that the hearing was continued to July 16, 2025. Plaintiff should address his motion seeking habeas relief at that hearing.
>
> Although Plaintiff would like this Court to address the writ

he filed prior to removal and to grant a default judgment, such relief would be improper in this case.  Plaintiff believes that his habeas claims can be addressed in this civil rights action and that he is entitled to immediate release.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

(Doc. 42, at 5–6.)  Thus, the Court rejected Plaintiff's argument that this Court could address the habeas claim in this civil rights case, and advised Plaintiff to "address his request for habeas relief at his probation violation hearing or file a separate habeas action."  *Id*. at 7.  Instead of either waiting to address this issue at his July 16, 2025 probation violation hearing, or filing a new habeas action in state court, Plaintiff has filed the instant motion to reconsider and has attached a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Plaintiff cannot insert a habeas action into this civil rights action, and the Court finds that treating his attached § 2241 petition as a new habeas action would be futile.  Plaintiff has already raised these same claims in a prior § 2241 petition that was filed in this Court.  *See Jones v. Armbrister*, Case No. 24-3216-JWL (D. Kan.).  In that case, he asserted that in 2024, the Douglas County District Court sentenced Petitioner to 12 months of probation, and while he was on that

probation, he was criminally charged in Shawnee County, Kansas.  Plaintiff argued that although

the Shawnee County District Court released Plaintiff on bond, he was then arrested on allegations

that he had violated his Douglas County probation. The Douglas County District Court denied

Petitioner's request for bond, he was found incompetent, and was in custody at the DCJ waiting

for a bed to become available at a state hospital so that he could receive the court-ordered treatment

intended to restore him to competency.  He alleged that the time he has been waiting for a bed is

longer than the sentence he would face if he were found to have violated his probation. As relief,

Plaintiff sought his release from jail and dismissal of all cases.

In that case, the Court held that:

> If the Court has correctly construed Petitioner's claim in this matter, it must consider the abstention doctrines in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). In *Ex parte Royall*, the United States Supreme Court described some very limited circumstances in which such intervention might be proper. *See* 117 U.S. at 251-52. The Supreme Court explained that otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity"). Even liberally construed, the petition in this case does not allege the type of circumstances under which *Ex parte Royall* permits federal-court intervention in an ongoing state criminal prosecution.
>
> Nearly a century after *Ex parte Royall*, in *Younger v. Harris*, the Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).
>
> The Court finds that the information presently before it shows that [the] three *Younger* conditions are present. There is at least one ongoing state criminal proceeding and perhaps two, so the first condition is satisfied. With respect to the third condition, the State of Kansas has an important interest in prosecuting crimes

charging the violation of Kansas laws and in administering its criminal justice system, including competency-related proceedings. *See Winn*, 945 F.3d at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'"); *See also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger* and recognizing "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

As to the second *Younger* condition, when the petition is liberally construed, Petitioner asserts that the state courts do not provide an adequate forum because he has filed multiple lawsuits and motions without a response from the State. (Doc. 1, p. 9.) Petitioner does not provide more specific information about his efforts. The Court understands that Petitioner is unable to "remember [his] recent case numbers or dates and times." (*See* Doc. 1, p. 5.) But without additional information on Petitioner's efforts to present to the state courts his claim that he is being unconstitutionally detained, the Court cannot find that the state courts do not provide an adequate forum for that claim.

If the three *Younger* circumstances are present, as they are here, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.* At this point, on the information now before the Court, this matter is subject to dismissal because the Court must abstain from intervening in the state proceedings at issue.

*Jones v. Armbrister*, Case No. 24-3216-JWL, Doc. 8, at 4–6 (D. Kan. Feb. 7, 2025).  The Court gave Plaintiff and opportunity to show cause why his § 2241 petition should not be dismissed based upon the abstention doctrines.  The Court then dismissed the case on February 24, 2025, finding that Plaintiff "did not dispute the Court's understanding of his claim" and stating that:

Instead, Petitioner's response focuses on the second *Younger* circumstance, arguing that the state courts do not provide an adequate forum to hear his claim that he is being unconstitutionally

7

detained. (Doc. 9, p. 1-2; Doc. 9-1.) Petitioner explains that when he submitted a K.S.A. 60-1501 motion that raises the claims he seeks to raise in this federal habeas action, the state court filed the motion in an already existing case rather than as a distinct habeas action under a new case number. (Doc. 9, p. 1-2.) Petitioner has provided the case number of the relevant case: DG-2024-CV-000318. *Id.* The Court has reviewed the records of that case that are available through the online Kansas District Courts records portal. They support Petitioner's assertions that his K.S.A. 60-1501 motion was filed in the case nearly two months after the initial "Petition for Damages and Restraining Order" filed by Petitioner that raised other issues regarding the conditions of his confinement at the Douglas County Jail.

Petitioner contends that the filing of his K.S.A. 60-1501 motion in an unrelated case shows the "sloppy" way in which the state court is handling his K.S.A. 60-1501 motion and he contends that the state court thereby denied him the opportunity to have his K.S.A. 60-1501 motion be heard. *Id.* at 2. Petitioner also points out that the defendants in case number DG-2024-CV-000318 have never responded to his initial filing or to the K.S.A. 60-1501 motion and that the state district court has "failed to even hear" the claims in his K.S.A. 60-1501 motion. *Id.* Liberally construed, these arguments amount to the assertion that the state courts are not an adequate forum for Petitioner's claims, as contemplated in *Younger*.

The Court has carefully considered the information in the response and in the relevant state-court records. The Tenth Circuit has held that "'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted). *See also Kabutu v. Short*, 2022 WL 3010620, *2 (10th Cir. July 29, 2022) (unpublished) ("As a general matter, Kansas state courts provide an adequate forum for the resolution of constitutional claims incident to a state criminal prosecution absent a clear state bar to the assertion of such claims.").

Even liberally construing the pro se filings in this Court, Petitioner does not allege that state law prevents him from raising in state court the claims he seeks to raise in this federal habeas action. In fact, Petitioner appears to have raised these claims in a K.S.A. 60-1501 motion filed in the Douglas County District Court. Although the motion was filed in an already pending civil matter, there is no indication that the state district court will not consider the issues raised in the motion.

Petitioner's emphasis in his response of the time his K.S.A. 60-1501 motion has been pending is similarly unpersuasive. The United States Supreme Court has recognized, at least in dicta, that a

delay in state court proceedings may affect the analysis of whether an adequate forum is available for the purposes of *Younger*. *See Gibson v. Berryhill*, 411 U.S. 564 (1973) (noting that the dismissal under *Younger* of a federal suit "naturally presupposes the opportunity to raise and *have timely decided* by a competent state tribunal the federal issues involved" (emphasis added)).

But Petitioner's K.S.A. 60-1501 motion has only been pending since November 19, 2024. Although the Court understands Petitioner's frustration with the pace of the state court proceedings, it cannot say that a wait of just over 3 months since the K.S.A. 60-1501 motion was filed is sufficient to render the state courts an inadequate forum for Petitioner's constitutional claims.

Even in light of the information and argument presented in the response, the Court maintains its earlier conclusion that all three of the circumstances identified in *Younger* are present here. Because *Younger* abstention is mandatory when all three circumstances are present, the Court concludes that this matter must be dismissed without prejudice.

*Id*. at Doc. 11, at 2–4.

The Court finds that Plaintiff's attached § 2241 petition would also be subject to abstention if it was filed as a new petition in this Court. Although the motion in state court has now been pending seven months, the Court noted in its M&O that the issue regarding which judge/case should address the motion is set to be addressed at the probation violation hearing on July 16, 2025. Plaintiff's allegations in his prior § 2241 as set forth above suggest that he believes the state court erred in filing his habeas action in his pending civil action that was removed to this Court, and that they should have filed it as a separate action or in his criminal case. The correspondence between the state judges suggests that this may be the case and indicates that they will ask Plaintiff to clarify his intent at the July 16, 2025 hearing. Therefore, Plaintiff has not shown that the state court is an inadequate forum to address his habeas claim.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to

correct clear error or prevent manifest injustice.  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 6, 2025 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 46) is **denied.**

**IT IS SO ORDERED**.

**Dated June 20, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**